IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02046-M

FREDERICK BELVIN,                          )
                                           )
            Petitioner,                    )
                                           )
v.                                         )            ORDER
                                           )
WARDEN T. SCARANTINO,                      )
                                           )
            Respondent.                    )

On March 4, 2024, Frederick Belvin ("petitioner"), a federal inmate at FMC Butner, filed

*pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. [D.E. 1] at 2–7 (seeking

expungement of an Oct. 2023 disciplinary conviction and alleging due process violations related

to the hearing because, *inter alia*, he was denied counsel, and the hearing officer was not certified).

On August 23, 2024, respondent filed a motion to dismiss for failure to state a claim or,

alternatively, for summary judgment, Mot. [D.E. 13], a memorandum [D.E. 14], a statement of

facts [D.E. 15], and an appendix [D.E. 16], including the declaration of paralegal specialist Kelly

Forbes, [D.E. 16-1], together with supporting documents [D.E. 16-2 to 16-8].

Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court

notified petitioner about this pending motion, the response deadline, and the consequences of

failing to respond [D.E. 17], but petitioner failed to respond and the time to do so has passed.

For the following reasons, the court grants respondent's motion for summary judgment.

Statement of Facts:

A party's statement of undisputed material facts is "deemed admitted for purposes of the

motion [for summary judgment] unless it is specifically controverted by a correspondingly

numbered paragraph in the opposing statement." Local Civ. R. 56.1(a)(2); Felton v. Moneysworth Linen Serv., Inc., 295 F. Supp. 3d 595, 597 n.1 (E.D.N.C. 2018); Howard v. Coll. of the Albemarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (4th Cir 2017) (per curiam) (unpublished); see Fed. R. Civ. P. 56(e)(2).

Respondent's statement of material facts cites the underlying evidence, which the court has reviewed, whereas petitioner has not filed any opposing statement of facts.

Petitioner presently is serving an aggregate 155-month federal sentence at FMC Butner and is scheduled for release on June 13, 2033. See Resp't Stmt. Mat. Facts. [D.E. 15] at ¶¶1–2.

During his incarceration in the Federal Bureau of Prisons ("BOP"), petitioner "has received a total of seven (7) incident reports for violations of BOP conduct regulations," including the incident report challenged in the instant petition. Id. at ¶3.

On September 21, 2023, FMC Butner Incident Report Number 3829399 charged petitioner with violation of BOP disciplinary code 297 – "Use of Telephone for Abuses Other than Criminal Activity." Id. at ¶4. Petitioner was provided the report on that date. Id. at ¶6. The report:

> indicated that on September 21, 2023, at approximately 10:30 a.m., G. Grimaldo was reviewing recorded telephone calls placed by inmates on the TRUFONE Inmate Telephone System ("ITS"). During one of the reviews, he listened to a recorded call that was placed on September 17, 2023 at 11:28 a.m., under the account of another inmate at FMC Butner. Grimaldo recognized the voice on the recording was not that of the inmate identified as the owner of the account number. He recognized the voice belonged to Petitioner, and determined the number called was on Petitioner's contact list. During the conversation, the female stated Petitioner's name. Grimaldo indicated he previously wrote Petitioner an incident report for utilizing the same inmate's phone account to place a call to the same number. Staff concluded Petitioner had utilized another inmate's account number to the place a call [sic], in violation of BOP rules surrounding use of the TRUFONE telephone system.

Id. at ¶5.

2

During the investigation of the incident report, Petitioner was advised of his right to remain silent at all stages of the discipline process. Petitioner stated that he understood his rights, and he did not request a witness or staff representation. When asked about the incident, Petitioner stated, "___ was on the phone, it wasn't me on the phone but he was relaying messages. I am requesting that the DHO listen to the call. I was not physically on the phone."

Id. at ¶6.

On September 22, 2023, this incident report was referred to a Discipline Hearing Office

("DHO") by the Unit Discipline Committee ("UDC"). Id. at ¶8. Also on that date:

Petitioner was provided copies of the "Notice of Discipline Hearing Before the (DHO)" and "Inmate Rights at Discipline Hearing." In the advisement of rights, pursuant to BOP policy, Petitioner was advised of the following: his right to have a written copy of the charges against him at least 24 hours prior to appearing before the DHO; to have a staff representative; to call witnesses to testify on his behalf and present documentary evidence; to present a statement or remain silent; to be present throughout the disciplinary hearing; to be advised of the DHO's decision and disposition in writing; and the right to appeal the DHO's decision.

Id. at ¶9.

Petitioner acknowledged his disciplinary hearing rights, declined a staff representative at

the hearing, and indicated that he did not wish to call witnesses. Id. at ¶10.

On October 16, 2023, petitioner had a disciplinary hearing before alternate DHO West;

West has been certified as an alternate DHO since September 2, 2022. Id. at ¶11. At the hearing,

petitioner "waived his right to a staff representative," stated "he did not wish to call any witnesses

on his behalf," indicated "he did not have any documentary evidence to present," and "did not

request any evidence be reviewed," and acknowledged "he received a copy of the incident report

and that he understood his rights before the DHO." Id. at ¶¶11–12. When provided the opportunity

to make a statement, petitioner stated, "There are two different telephone numbers on the incident

report, and he has been messing with me. He is targeting me on the phone." Id. at ¶12.

3

DHO West considered as evidence the incident report, including the written statement of G. Grimaldo, the TRUFONE Monitor Recorded Calls documentation, and petitioner's DHO hearing testimony. Id. at ¶13. DHO West found, "based upon the greater weight of the evidence presented, . . . that Petitioner committed Prohibited Act Code 297 – Use of Telephone for Abuses Other than Criminal Activity." Id.

DHO West sanctioned petitioner to the following: "disallowance of a total of 27 days of good conduct time"; "disallowance of 6 days" of non-vested good conduct time ("NVGCT"); "9 months loss of commissary privileges"; and "6 months loss of phone privileges." Id. at ¶14.

On November 9, 2023, petitioner received a copy of the DHO's report which outlined the evidence relied upon and the reasons for the imposed sanctions. Id. at ¶15.

Legal Standard:

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and internal quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In

making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

## Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c); see Maleng v. Cook, 490 U.S. 488, 490 (1989); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner argues, *inter alia*: he did not receive adequate due process for this prison disciplinary proceeding and his appeal thereof; West was not properly certified to be a DHO; and he "should have been given a counsel substitute" and assistance on appeal. Pet. [D.E. 1] at 6.

When a prisoner's cognizable liberty or property interests are at issue in disciplinary hearings, the prisoner is entitled to limited due process rights including 1) advance written notice of the charges, 2) a hearing before an impartial decision maker, 3) the right to call witnesses and present evidence when it is not inconsistent with institutional safety and concerns, 4) an opportunity for non-attorney representation if the inmate is illiterate or the disciplinary hearing is complex, and 5) a written decision setting forth the evidence relied upon and the reasons for the disciplinary action. See Wolff v. McDonnell, 418 U.S. 539, 563–71 (1974) ("Wolff"). The disciplinary findings also must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. Walpole v. Hill, 472 U.S. 445, 454–55 (1985) ("Hill").

Here, Kelly Forbes declares, *inter alia*, that: Forbes is a BOP Paralegal Specialist at the Butner Federal Correctional Complex; Forbes reviewed petitioner's instant claims; Forbes has access to official BOP records including petitioner's; the attached records are "business records of regularly conducted activity" that Forbes is "qualified to authenticate"; Forbes certifies that the

5

attached records "(1) were made at or near the time of the occurrence or the matters set forth by, or from information transmitted by, a person with knowledge of those matters," "(2) were kept in the course of regularly conducted activity," and "(3) were made by the regularly conducted activity as a regular practice." See Resp't App., Forbes Decl. [D.E. 16-1] at ¶¶1–3.

Forbes also declares the BOP records reflect, *inter alia*, that: on September 21, 2023, petitioner received written notice for Incident Report Number 3829399, charging him with violating BOP disciplinary code 297 – Use of Telephone for Abuses Other than Criminal Activity; he was advised of his right to remain silent, he noted he understood these rights but stated he was not the inmate on the phone; on September 22, 2023, the UDC reviewed the incident report and referred the charge to the DHO, and petitioner was provided his "Notice of Disciplinary Hearing Before the (DHO)" and "Inmate Rights at Discipline Hearing"; he was advised of his rights to have a written copy of the charges at least 24 hours before the DHO hearing, to have a staff representative, to call witnesses on his behalf, to present documentary evidence, to give a statement or remain silent, and to be present throughout the hearing, and to receive the DHO's decision and disposition in writing; he acknowledged these rights, declined to have a staff representative, and indicated he did not wish to call witnesses; on October 16, 2023, "Petitioner appeared before alternate DHO West for a discipline hearing on Incident Report No. 3829399"; at the hearing, petitioner waived his right to a staff representative, stated he did not wish to call witnesses, indicated he did not have any documentary evidence to present, and did not request review of any evidence; he also acknowledged he received a copy of the incident report and that he understood his rights before the DHO; petitioner gave, as a statement, "There are two different telephone numbers on the incident report, and he has been messing with me. He is targeting me on the

6

phone"; the DHO considered petitioner's argument that the report listed two telephone numbers, 662-410-2112 and 662-410-2012, but ascribed this inconsistent listing to clerical error; the DHO considered the incident report, phone records, and petitioner's statement, and found, on the greater weight of the evidence, that he committed the infraction as charged; the DHO sanctioned petitioner to "disallowance of a total of 27 days of good conduct time," "disallowance of 6 days NVGCT," "9 months loss of commissary privileges," and "6 months loss of phone privileges"; on October 19, 2023, the DHO completed a report with reasoning for the sanctions; on November 9, 2023, petitioner received the DHO report. See id. at ¶¶6–17.

The record supports both Forbes' declaration and respondent's statement of facts. See Resp't App. [D.E. 16-2] at 1–5 (petitioner's sentence computation data); id., [D.E. 16-3] at 1–3 (petitioner's chronological disciplinary record); id., [D.E. 16-4] at 1–3 (FMC Butner Incident Report Number 3829399); id., [D.E. 16-5] at 1–2 ("Notice of Disciplinary Hearing Before the DHO" and notice of "Inmate Rights at Discipline Hearing," both dated Sept. 22, 2023, and bearing petitioner's signature); id., [D.E. 16-6] at 1–4 ("Discipline Hearing Officer Report" for FMC Butner Incident Report Number 3829399); id., [D.E. 16-8] (declaration of Sara West that she has been a trained and certified alternate DHO since Sept. 2, 2022).

In short, the record does not support petitioner's bald allegations that DHO West was not properly certified or that he requested, but was denied, the assistance of a representative. See Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003) (noting "neither '[u]nsupported speculation,' nor evidence that is 'merely colorable' or 'not significantly probative,' will suffice to defeat a motion for summary judgment" (internal citations omitted)).

7

Although petitioner also alleges his disciplinary conviction appeal violated due process, as the underlying disciplinary proceeding itself did not violate due process, "*Wolff* did not mandate that prison officials provide inmates with an appeal of disciplinary hearing findings." Brown v. Angelone, 938 F. Supp. 340, 345 (W.D. Va. 1996); see Rogers v. Brinkley, No. C A 806-1278-MBS, 2007 WL 789929, at *2 (D.S.C. Mar. 14, 2007), aff'd, 231 F. App'x 280 (4th Cir. 2007).

After viewing the record and the reasonable inferences drawn therefrom in the light most favorable to petitioner, see Scott, 550 U.S. at 378, respondent has shown that, as to the disciplinary hearing on Incident Report Number 3829399, petitioner received all due process required by Wolff, 418 U.S. at 563–71, and the DHO's decision is supported by "some evidence in the record," Hill, 472 U.S. at 454–55, whereas petitioner has not come forward with specific facts showing that there is a genuine issue for trial, see Anderson, 477 U.S. at 248–49; Matsushita, 475 U.S. at 587.

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court also denies a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## Conclusion:

Accordingly, the court: GRANTS respondent's motion for summary judgment [D.E. 13]; DENIES a Certificate of Appealability; and DIRECTS the clerk to close the case.

SO ORDERED this __14th__ day of January, 2025.

RICHARD E. MYERS II
Chief United States District Judge

8